## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARITO OMAR GARCIA, as the Personal Representative of the ESTATE OF ROILE GARCIA, on behalf of the Estate, and his Survivors; S.G., through her guardian and next best friend, MARGARITO OMAR GARCIA, individually, | : <br> : <br> : No. <br> : <br> : <br> : |
| Plaintiffs, | : |
| v. | : |
| U.S. XPRESS ENTERPRISES, INC.; U.S. XPRESS ENTERPRISES, INC.; U.S. XPRESS LEASING, INC.; XPRESS ASSURANCE INC.; XPRESS HOLDINGS, INC.; MOUNTAIN LAKE RISK RETENTION GROUP, INC.; TOTAL LOGISTICS, INC.; TRANSPORTATION ASSETS LEASING, INC.; TRANSPORTATION INVESTMENTS, INC.; TOTAL TRANSPORTATION OF MISSISSIPPI, LLC; PILOT CORPORATION; PILOT TRAVEL CENTERS, LLC dba PILOT FLYING J; FJ MANAGEMENT, INC.; ZERRIO WINTERS | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

### NOTICE OF REMOVAL

**TO THE CLERK OF COURT:**

Pursuant to 28 U.S.C. § 1441, defendants Zerrio Winters and U.S. Xpress, Inc. (incorrectly identified as "U.S. Xpress Enterprises, Inc."), by and through their undersigned counsel, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, hereby remove the case captioned <u>Margarito Omar Garcia, as the Personal Representative of the Estate of Roile Garcia, on behalf of the Estate,</u>

and his Survivors; S.G., through her guardian and next best friend, Margarito Omar Garcia, individually v. U.S. Xpress Enterprises, Inc.; U.S. Xpress Enterprises, Inc.; U.S. Xpress Leasing, Inc.; Xpress Assurance Inc.; Xpress Holdings, Inc.; Mountain Lake Risk Retention Group, Inc.; Total Logistics, Inc.; Transportation Assets Leasing, Inc.; Transportation Investments, Inc.; Total Transportation of Mississippi, LLC; Pilot Corporation; Pilot Travel Centers, LLC dba Pilot Flying J; FJ Management, Inc.; Zerrio Winters, Court of Common Pleas, Philadelphia County, December Term 2021, No. 002146 (the "State Court Action"), from the Court of Common Pleas of Philadelphia County, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and as grounds for removal state as follows:

1. Plaintiff initiated the State Court Action by filing a Complaint against defendants on or about December 30, 2021.

2. Plaintiff's Complaint was the first pleading that contained any information about the claimed damages and the nature of the plaintiff's claims against defendants, and the first pleading from which the basis of removal could be determined.

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint, along with all other process, pleadings, and orders served upon defendants are attached hereto as Exhibit 1. A copy of the docket in the State Court Action is attached as Exhibit 2.

4. Plaintiff alleges in the Complaint that defendants were negligent and reckless in causing the death of Roile Garcia.

5. Specifically, plaintiff contends that Mr. Winters stopped his tractor-trailer in the fire lane of a Pilot Travel Center in Pittston Township, Pennsylvania, pinned Mr. Garcia between two trucks, and crushed him. See Exh. 1 at ¶¶ 37, 40, 42-43.

6. Plaintiff claims Mr. Winters was acting in the course and scope of his employment for U.S. Xpress, Inc. at the time of the incident. Id. at ¶¶ 38-39.

7. Plaintiff asserts seven Counts in the Complaint. Id. at ¶¶ 53-102.

8. In the first Count, plaintiff alleges defendant U.S. Xpress was negligent and reckless in failing to take "reasonable safety measures." Id. at ¶¶ 53-62.

9. In the second Count, plaintiff contends defendant Pilot Travel Centers was negligent and reckless in failing to take "reasonable safety measures." Id. at ¶¶ 63-72.

10. In the third Count, plaintiff claims Mr. Winters was negligent and reckless in the operation of his tractor-trailer. Id. at ¶¶ 73-80.

11. In the fourth Count, plaintiff sets forth a wrongful death claim against all defendants. Id. at ¶¶ 81-90.

12. In the fifth and seventh Counts, plaintiff avers that defendant U.S. Xpress is vicariously liable for the actions of Mr. Winters. Id. at ¶¶ 91-94, 100-102.

13. In the sixth Count, plaintiff claims Mr. Garcia's minor daughter has lost the support, services, instruction, guidance, and companionship of Mr. Garcia due to defendants' negligence and recklessness. Id. at ¶¶ 95-99.

14. Plaintiff seeks a variety of damages throughout each of the seven Counts of the Complaint.

15. In the first and second Counts, against defendants U.S. Xpress and Pilot Travel Centers, plaintiff demands damages for the "severe emotional distress" of Mr. Garcia's daughter S.G., Mr. Garcia's father Margarito Omar Garcia, Mr. Garcia's mother Marlene Rodriguez, and the mother of Mr. Garcia's daughter Lisandra Aguilera Vazquez. Id. at ¶¶ 53-72.

16. Plaintiff also demands punitive damages in the first and second Counts of the Complaint. Id.

17. In the third Count, against Mr. Winters, plaintiff demands damages for the "severe emotional distress" of S.G., Mr. Omar Garcia, and Ms. Rodriguez. Id. at ¶¶ 73-80.

18. In the fourth Count, against all defendants, plaintiff seeks "all possible and resulting damages pursuant to Pa. R. C. P. 238 and/or under Florida law" and punitive damages. Id. at ¶¶ 81-90.

19. In the fifth and seventh Counts, setting forth vicarious liability claims against U.S. Xpress, plaintiff demands the following damages:

- Mr. Garcia's pain and suffering between the time of his injury to the time of his death;
- Past and future pain and suffering;
- Mr. Garcia's loss of earnings from the date of his death;
- Past and future society, affection, consortium, companionship, guidance, care, and instruction;
- Loss of prospective net estate accumulations;
- Lost value of life;
- Mr. Garcia's loss of retirement and Social Security income;
- Funeral expenses;
- Property damage;
- Medical bills;
- Past and future loss of support in money and in kind; and
- Punitive damages.

Id. at ¶¶ 91-94, 100-102.

20. In the sixth Count, against all defendants, plaintiff demands damages for S.G.'s loss of consortium of Mr. Garcia and punitive damages. Id. at ¶¶ 95-99.

21. The entire State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441, as this Court has original jurisdiction under 28 U.S.C. § 1332.

## DIVERSITY AS A BASIS FOR JURISDICTION

22. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between plaintiffs and defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

23. Plaintiff is, and at the time of filing of the State Court Action was, a citizen of the State of Florida. Id. at ¶ 8.

24. Defendant U.S. Xpress, Inc. (incorrectly identified as "U.S. Xpress Enterprises, Inc.") is and, at the time of the filing of the State Court Action, was a corporation with its principal place of business in the State of Tennessee. Id. at ¶ 12.

25. Defendant Zerrio Winters is and, at the time of the filing of the State Court Action, was a citizen of the State of Mississippi. Id. at ¶ 32.

26. Upon information and belief, defendant U.S. Xpress Leasing is and, at the time of the filing of the State Court Action, was a corporation with its principal place of business in the State of Tennessee.

27. Upon information and belief, defendant Xpress Assurance Inc. is and, at the time of the filing of the State Court Action, was a corporation with its principal place of business in the State of Arizona.

28. Upon information and belief, defendant Xpress Holdings, Inc. is and, at the time of the filing of the State Court Action, was a corporation with its principal place of business in the State of Nevada.

29. Upon information and belief, defendant Mountain Lake Risk Retention Group, Inc. is and, at the time of the filing of the State Court Action, was a corporation with its principal place of business in the State of Vermont.

30. Upon information and belief, defendant Total Logistics, Inc. is and, at the time of the filing of the State Court Action, was a corporation with its principal place of business in the State of Mississippi.

31. Upon information and belief, defendant Transportation Assets Leasing, Inc. is and, at the time of the filing of the State Court Action, was a corporation with its principal place of business in the State of Mississippi.

32. Upon information and belief, defendant Transportation Investments, Inc. is and, at the time of the filing of the State Court Action, was a corporation with its principal place of business in the State of Mississippi.

33. Upon information and belief, defendant Total Transportation of Mississippi LLC is and, at the time of the filing of the State Court Action, was a limited liability corporation.

34. The 2021 LLC Annual Report filed by Total Transportation of Mississippi with the Secretary of State of Mississippi identifies one member of the limited liability corporation.

35. The sole member of Total Transportation of Mississippi LLC is John Stomps.

36. Mr. Stomps is a resident of the State of Mississippi.

37. Defendant Pilot Corporation is a corporation organized under the state laws of Tennessee. Its principal place of business is located at 5508 Lonas Road, Knoxville, Tennessee, 37909. Id. at ¶ 26.

38. Defendant Pilot Travel Center LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Knoxville, Tennessee.

39. No member of Defendant Pilot Travel Center LLC is a citizen of Pennsylvania. Defendant is composed of four members: (a) National Indemnity Company; (b) Pilot Corporation; (c) BDT I-A Plum Corporation; and (d) FJM Investments LLC.

40. National Indemnity Company is a corporation incorporated under the state laws of Nebraska. Its principal place of business is 1314 Douglas Street Suite 1400, Omaha, Nebraska, 68102-1944.

41. Defendant Pilot Corporation is a corporation organized under the state laws of Tennessee. Its principal place of business is located at 5508 Lonas Road, Knoxville, Tennessee, 37909.

42. BDT I-A Plum Corporation is a corporation incorporated under the state laws of Delaware. Its principal place of business is located at 401 N Michigan Ave, Chicago, Illinois 60611.

43. FJM Investments LLC is a limited liability company organized under the state laws of Utah. Its principal place of business is located at 185 S. State St., Ste 1300, Salt Lake City, Utah 84111. FJM Investments LLC is composed of one member, Defendant FJ Management Inc.

44. Defendant FJ Management Inc. is a corporation organized under the state laws of Utah. Its principal place of business is located at 185 S. State St., Ste 1300, Salt Lake City, Utah 84111. Id. at ¶ 28.

45. Complete diversity of citizenship exists between plaintiff and defendants.

46. Pursuant to 28 U.S.C. § 1441(b), the State Court Action is removable because no party in interest properly joined and served as a defendant is a citizen of the Commonwealth of Pennsylvania.

47. Under 28 U.S.C. § 1446(c) "[i]f removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."

48. As discussed above, the Complaint seeks a variety of damages against defendants.

49. In summary, the Complaint demands damages for emotional distress of S.G., Mr. Omar Garcia, Ms. Rodriguez, and Ms. Vazquez; all damages permitted by Pennsylvania and/or Florida law in a wrongful death action; Mr. Garcia's pain and suffering between the time of his injury to the time of his death; past and future pain and suffering; Mr. Garcia's loss of earnings from the date of his death; past and future society, affection, consortium, companionship, guidance, care and instruction; loss of prospective net estate accumulations; lost value of life; Mr.

Garcia's loss of retirement and Social Security income; funeral expenses; property damage; medical bills; past and future loss of support in money and in kind; S.G.'s loss of consortium, support, and services of Mr. Garcia; and punitive damages. See Exh. 1 at ¶¶ 53-102.

50. Given the variety and extent of damages demanded in the Complaint, plaintiff's request for damages exceeds the $75,000.00 amount in controversy requirement.

51. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied.

## OTHER PROCEDURAL MATTERS

52. Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Pennsylvania is the appropriate court for filing a Notice of Removal from the Court of Common Pleas of Philadelphia County, Pennsylvania where the State Court Action is pending.

53. Defendant Zerrio Winters was served with the Complaint on or about January 15, 2022.

54. Defendant U.S. Xpress, Inc. was served with the Complaint on or about January 28, 2022.

55. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

56. Defendant Pilot Corporation consents to the removal of this action. A true and correct copy of Pilot Corporation's Consent to Removal is attached as Exhibit 3.

57. Defendant Pilot Travel Centers, LLC consents to the removal of this action. A true and correct copy of Pilot Travel Centers, LLC's Consent to Removal is attached as Exhibit 4.

58. Defendant FJ Management Inc. consents to the removal of this action. A true and correct copy of FJ Management Inc.'s Consent to Removal is attached as Exhibit 5.

59. Contemporaneous with the filing of this Notice, defendants have given written notice hereto to plaintiff, and defendants will file a true and correct copy of this Notice of Removal with the Court of Common Pleas of Philadelphia County as required by 28 U.S.C. § 1446(d).

60. Upon information and belief, service upon U.S. Xpress Leasing, Inc., Xpress Assurance Inc., Xpress Holdings, Inc., Mountain Lake Risk Retention Group, Inc., Total Logistics, Inc., Transportation Asserts Leasing, Inc., Transportation Investments, Inc., and Total Transportation of Mississippi, LLC remains outstanding.

61. Since these defendants have not yet been properly joined and served with the Summons and Complaint, their consent for removal is not required, pursuant to 28 U.S.C. § 1446(b)(2)(A).

**WHEREFORE,** defendants U.S. Xpress, Inc. and Zerrio Winters submit this Notice that the State Court Action is removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By: */s/ James A. Wescoe*
James A. Wescoe, Esquire
Katherine A. Tenzinger, Esquire
2000 Market Street, Suite 1300
Philadelphia, PA 19103
267-765-4138
215-564-7699
jwescoe@wglaw.com
ktenzinger@wglaw.com
*Attorneys for Defendants,
Zerrio Winters and U.S. Xpress, Inc.*

Date: February 25, 2022

## **CERTIFICATE OF SERVICE**

I, James A. Wescoe, do hereby certify that a true and correct copy of the foregoing Notice of Filing Notice of Removal was served on February 25, 2022 via electronic case filing notice, upon the following:

Patrick T. Henigan, Esquire
Eckell, Sparks, Levy, Auerbach, Monte, Sloane, Matthews & Auslander, P.C.
300 West State Street, Suite 300
Media, PA 19063
*Attorney for plaintiff, Margarito Omar Garcia*

Meghan F. Henry, Esquire
Morgan & Akins, PLLC
30 S. 17th Street, Suite 701
Philadelphia, PA 19102
*Attorney for defendants, Pilot Corporation, Pilot Travel Centers, LLC dba Pilot Flying J, FJ Management Inc.*

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP**

By:    */s/ James A. Wescoe*
       James A. Wescoe, Esquire
       Katherine A. Tenzinger, Esquire
       *Attorneys for Defendants,
       Zerrio Winters and U.S. Xpress, Inc.*