# EXHIBIT 1

Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2021**

E-Filing Number: 2112055427

**002146**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MARGARITO OMAR GARCIA | U.S. XPRESS ENTERPRISES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 312 N.E. 114TH STREET<br>MIAMI FL 33161 | 4080 JENKINS ROAD<br>CHATTANOOGA TN 37421 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MARGARITO OMAR GARCIA | U.S. XPRESS LEASING, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 312 N.E. 114TH STREET MIAMI<br>MIAMI FL 33161 | 4080 JENKINS ROAD<br>CHATTANOOGA TN 37421 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | XPRESS ASSURANCE, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 4080 JENKINS ROAD<br>CHATTANOOGA TN 37421 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 13 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2V – MOTOR VEHICLE ACCIDENT |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br><br>DEC **30** 2021<br><br>**S. RICE** | |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARGARITO OMAR GARCIA , MARGARITO OMAR GARCIA

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| PATRICK T. HENIGAN | 300 WEST STATE STREET<br>SUITE 300<br>MEDIA PA 19063 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610)565-3700 | (610)565-1596 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 49448 | phenigan@eckellsparks.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *PATRICK HENIGAN* | Thursday, December 30, 2021, 02:16 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. U.S. XPRESS ENTERPRISES, INC.
      4080 JENKINS ROAD
      CHATTANOOGA TN 37421
2. U.S. XPRESS LEASING, INC.
      4080 JENKINS ROAD
      CHATTANOOGA TN 37421
3. XPRESS ASSURANCE, INC.
      4080 JENKINS ROAD
      CHATTANOOGA TN 37421
4. XPRESS HOLDINGS, INC.
      4080 JENKINS ROAD
      CHATTANOOGA TN 37421
5. MOUNTAIN LAKE RISK RETENTION GROUP, INC.
      4080 JENKINS ROAD
      CHATTANOOGA TN 37421
6. TOTAL LOGISTICS, INC.
      4080 JENKINS ROAD
      CHATTANOOGA TN 37421
7. TRANSPORTATION ASSETS LEASING, INC.
      4080 JENKINS ROAD
      CHATTANOOGA TN 37421
8. TRANSPORTATION  INVESTMENTS, INC.
      4080 JENKINS ROAD
      CHATTANOOGA TN 37421
9. TOTAL TRANSPORTATION OF MISSISSIPPI, LLC
      4080 JENKINS ROAD
      CHATTANOOGA TN 37421
10. PILOT CORPORATION
      5508 LONAS DRIVE
      KNOXVILLE TN 37909
11. PILOT TRAVEL CENTERS, LLC D/B/A PILOT FLYING J
      5508 LONAS DRIVE
      KNOXVILLE TN 37909
12. FJ MANAGEMENT, INC.
      5508 LONAS DRIVE
      KNOXVILLE TN 37909
13. ZERRIO WINTERS
      511 W. MADISON STREET
      TAZOO CITY MS 39194

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

*Filed and Attested by the Office of Judicial Records DEC 2021 02:16 pm S. RICE*

Marito Omar Garcia, as the Personal Representative of the
Estate of Roile Garcia, on behalf of the Estate, and his Survivors,
S.G., through her guardian and next best friend,
Margarito Omar Garcia, individually.

v.

U.S. Express Enterprises, Inc., et al.

## NOTICE TO DEFEND

<table>
<tr><td>

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

</td><td>

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

</td></tr>
</table>

**10-284**

Case ID: 211202146

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**PENNSYLVANIA – CIVIL DIVISION**

| | |
|---|---|
| MARGARITO OMAR GARCIA, as the Personal Representative of the ESTATE OF ROILE GARCIA, on behalf of the Estate, and his Survivors; S.G., through her guardian and next best friend, MARGARITO OMAR GARCIA, individually, | **CIVIL ACTION NO.** |
| Plaintiffs, | |
| v. | |
| U.S. XPRESS ENTERPRISES, INC. a Nevada corporation; U.S. XPRESS ENTERPRISES, INC., a Tennessee corporation; U.S. XPRESS LEASING, INC., a Tennessee corporation; XPRESS ASSURANCE INC., an Arizona corporation; XPRESS HOLDINGS, INC., a Nevada corporation; MOUNTAIN LAKE RISK RETENTION GROUP, INC., a Vermont corporation; TOTAL LOGISTICS, INC., a Mississippi corporation; TRANSPORTATION ASSETS LEASING, INC., a Mississippi corporation; TRANSPORTATION INVESTMENTS, INC., a Mississippi corporation; TOTAL TRANSPORTATION OF MISSISSIPPI, LLC, a Mississippi limited liability company; PILOT CORPORATION, a Tennessee corporation; PILOT TRAVEL CENTERS, LLC, dba PILOT FLYING J, a Tennessee limited liability company; FJ MANAGEMENT, INC., a Utah corporation; ZERRIO WINTERS, an individual, | **JURY TRIAL DEMANDED** |
| Defendants. | |

[1382772/1]

## COMPLAINT

Plaintiff, Margarito Omar Garcia, as Personal Representative of the Estate of Roile Garcia, Deceased, on behalf of his Estate and his survivors and S.G, individually, by and through the undersigned Counsel, Gustavo D. Lage, Esq. of Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP, 201 Alhambra Circle, Suite 1205, Coral Gables, FL 33134-5107, and pursuant to the Pennsylvania Rules of Civil Procedure, files this Complaint for Damages against Defendants U.S. Xpress Enterprises, Inc., a Nevada corporation; U.S. Xpress Enterprises, Inc., a Tennessee corporation; U.S. Xpress Leasing, Inc., a Tennessee corporation; Xpress Assurance Inc., an Arizona corporation; Xpress Holdings, Inc., a Nevada corporation; Mountain Lake Risk Retention Group, Inc., a Vermont corporation; Total Logistics, Inc., a Mississippi corporation; Transportation Assets Leasing, Inc., a Mississippi corporation; Transportation Investments, Inc., a Mississippi corporation; Total Transportation of Mississippi, LLC, a Mississippi limited liability company; Pilot Corporation, a Tennessee corporation; Pilot Travel Centers, LLC, dba Pilot Flying J, a Tennessee limited liability company; FJ Management, Inc., a Utah corporation; and Zerrio Winters an individual, claiming and alleging as follows:

## NATURE OF THE ACTION

1.     This is an action based upon the wrongful death of Roile Garcia. On January 5, 2020, Mr. Garcia was killed by the actions of each of the Defendants in a grotesque and abhorrent manner in which the Defendants, and each of them, acted in a manner well beyond just ordinary negligence and instead engaged in a course of conduct where they each realized and appreciated the risk created by their misconduct and yet acted in conscious disregard or indifference to that risk. Indeed, the actions of the Defendants leading up to Roile Garcia's death evidence a callous

[1382772/1]                                        2

and reckless disregard for human life.   Roile Garcia was 42 years of age at the time he was killed.

2.      Defendants U.S. Xpress Enterprises, Inc.; U.S. Xpress Leasing, Inc., a Tennessee corporation; Xpress Assurance Inc.; Xpress Holdings, Inc.; Mountain Lake Risk Retention Group, Inc.; Total Logistics, Inc.; Transportation Assets Leasing, Inc.; Transportation Investments, Inc.; and Total Transportation of Mississippi, LLC (collectively "U.S. Xpress"), and Pilot Corporation; Pilot Travel Centers, LLC, dba Pilot Flying J; and FJ Management, Inc. (collectively "Pilot Travel Centers"), each acted negligently and in fact recklessly -- or at a minimum with gross negligence -- by failing to conduct their business affairs in a safe manner and by instead welcoming the risk of death or serious bodily injury that came to unfortunate fruition in terminating the relatively young life of the Decedent Roile Garcia while he was gainfully employed and supporting his family, including supporting Roile Garcia's minor daughter, S.G., an 11-year old girl who suffers from physical disabilities and limitations.

3.      Specifically, Decedent's untimely demise was created by the following facts and circumstances known to or which could have been ascertained through the exercise of reasonable diligence by U.S. Xpress and Pilot Travel Centers:

(a)  though U.S. Xpress touts its "top priority" as assuring safe practices by its drivers, the reality is that U.S. Xpress regularly and with callous indifference to life and property fails to assure that adequate safety measures are in place and observed by their drivers, as its real focus is on corporate profits where it intentionally encourage practices that are likely to lead to significant risk of death or serious bodily injury;

(b)  among the practices of U.S. Xpress relevant to this action are its knowing failure and refusal to insist that its drivers maintain safe practices in congested environments when its drivers and their vehicles are challenged with overcrowded road and rest-stop conditions often

[1382772/1]                                          3

accompanying the U.S. domestic tractor-trailer industry;

(c) among the intentional practices of U.S. Xpress relevant to this action are its knowing failure to install back-up cameras and/or sensors on its vehicles as a safety precaution, which (among other safety measures) could have prevented this tragic accident;

(d) for its part, Pilot Travel Centers knowingly encourages congestion in its travel centers nationwide and further goes so far as to regularly motivate what usually become severe traffic jams at its travel centers in the name of corporate profits, all the while realizing that the more crowded the environment the more patrons are spending money in its centers; all of this despite the knowledge of Pilot Travel Centers that overcrowding and the presence of multi-ton eighteen-wheel vehicles at its centers are a recipe for death or serious bodily injury of the kind that unfortunately befell Roile Garcia in the case at bar;

(e) the presence of the overworked and weary Defendant, Zerrio Winters in the foregoing circumstances, created the confluence of natural forces -- coupled with Defendant Winters being tired and at the conclusion of a trucker's work shift -- that led to the Decedent being crushed and smashed between Defendant Winters' eighteen-wheeler and another tractor-trailer while Defendant Winters traversed within the travel center operated by Pilot Travel Centers callously oblivious in the first instance to the fact that his actions in illegally and hastily parking in the fire lane too close to other illegally parked trucks had hastened the death of a young father of a minor female child; Defendant Winters left the scene and failed to return to the scene or otherwise contact authorities upon learning of the incident and investigation into the accident.

4.     The clear liability of each of the Defendants that included reckless misconduct indifferent to human life, coupled with the very significant injury to the Decedent's family as a

result thereof, create a compelling need for an award of compensatory and punitive damages according to proof.

## JURISDICTION AND VENUE

5.      This action is brought pursuant to 42 Pa. §§ 8301 and 8302.

6.      Jurisdiction is based upon 42 Pa. C.S. § 931. Venue is proper pursuant to 42 Pa. C.S. § 931 and 231 Pa. Code § 1006. Not only did the reckless and callous activities complained of herein take place within the State of Pennsylvania, but in addition (a) the unsafe supervision of Defendant Winters' tractor trailer operation as well as (b) the hazardous and inherently dangerous conditions intentionally created by Defendants U.S. Xpress and Pilot Travel Centers, both were administered and managed through U.S. Xpress and Pilot Travel Centers' personnel located in Philadelphia County, Pennsylvania.

## PARTIES

7.      Plaintiff, Margarito Omar Garcia, is the duly appointed Personal Representative of the Estate of Roile Garcia, having been appointed Personal Representative by the Probate Division of the Circuit Court in and for Miami-Dade County, Florida, File No. 2020-001452-CP-02.

8.      Plaintiff Margarito Omar Garcia, the Personal Representative of the Estate of Roile Garcia, Deceased, is a citizen and resident of the State of Florida with an address of 312 N.E. 114th Street, Miami, FL 33161.

9.      At all times relevant and material hereto, Plaintiff Margarito Omar Garcia was the father of the Decedent Roile Garcia, now deceased.

10.     Roile Garcia died on January 5, 2020.

11.     Prior to his death, the Decedent Roile Garcia was a citizen and resident of the State

[1382772/1]

of Florida.

12.    Defendant U.S. Xpress Enterprises, Inc. is a Nevada corporation with a principal place of business located at 4080 Jenkins Rd. Chattanooga, TN 37421.

13.    Defendant U.S. Xpress Enterprises, Inc. is a Tennessee corporation with a principal place of business located at 4080 Jenkins Rd. Chattanooga, TN 37421.

14.    Defendant U.S. Xpress Leasing, Inc. is a Tennessee corporation with a principal place of business located at 4080 Jenkins Rd. Chattanooga, TN 37421.

15.    Defendant Xpress Assurance Inc. is an Arizona corporation  with a principal place of business located at 4080 Jenkins Rd. Chattanooga, TN 37421.

16.    Defendant Xpress Holdings, Inc. is a Nevada corporation with a principal place of business located at 4080 Jenkins Rd. Chattanooga, TN 37421.

17.    Defendant Mountain Lake Risk Retention Group, Inc. is a Vermont corporation with a principal place of business located at 4080 Jenkins Rd. Chattanooga, TN 37421.

18.    Defendant Total Logistics, Inc., is a Mississippi corporation with a principal place of business located at 4080 Jenkins Rd. Chattanooga, TN 37421.

19.    Defendant Transportation Assets Leasing, Inc., is a Mississippi corporation with a principal place of business located at 4080 Jenkins Rd. Chattanooga, TN 37421.

20.    Defendant Transportation Investments, Inc. is a Mississippi corporation with a principal place of business located at 4080 Jenkins Rd. Chattanooga, TN 37421.

21.    Defendant Total Transportation of Mississippi, LLC, is a Mississippi limited liability company with a principal place of business located at 4080 Jenkins Rd. Chattanooga, TN 37421. (Defendants identified in paragraphs 12- 21 are collectively  referred to as "U.S. Xpress").

[1382772/1]                                            6

Case ID: 211202146

22.     U.S. Xpress provides transportation services throughout the United States, with a focus in the densely populated and economically diverse eastern half of the United States, including significant business interests both systematically and significantly throughout the Commonwealth of Pennsylvania, including significant business activities within the jurisdiction of this Court in Philadelphia County, Pennsylvania.

23.     The transportation services encompass and include very extensive tractor-trailer business interests including ownership as well as the operation of all facets of the trucking industry throughout the aforementioned territories.

24.     U.S. Xpress is publicly traded on the New York Stock Exchange under the symbol "USX."

25.     Each of the Defendants U.S. Xpress Enterprises, Inc., U.S. Xpress Enterprises, Inc., U.S. Xpress Leasing, Inc., Xpress Assurance Inc., Xpress Holdings, Inc., Mountain Lake Risk Retention Group, Inc., Total Logistics, Inc., Transportation Assets Leasing, Inc., Transportation Investments, Inc. and Defendant Total Transportation of Mississippi, LLC, are indistinguishable with respect to responsibilities for owning, operating or otherwise maintaining the services and management responsibilities alleged in this Complaint, on a nationwide basis, including the operations of said Defendants' in the Commonwealth of Pennsylvania and Philadelphia County, Pennsylvania in particular, on an alter ego basis where, at all times material hereto, the separate existence of each such entity fails to exist with respect to the maintenance and supervision of the negligent and tortious acts and omissions set forth in this Complaint and as otherwise relevant to this action.

26.     Defendant Pilot Corporation is a privately held Tennessee corporation with a principal place of business located at 5508 Lonas Drive, Knoxville, Tennessee 37909..

27.     Pilot Travel Centers, LLC, dba Pilot Flying J, is a Tennessee limited liability company with a principal place of business located at 5508 Lonas Drive, Knoxville, Tennessee 37909.

28.     FJ Management, Inc., is a Utah corporation with a principal place of business located at 5508 Lonas Drive, Knoxville, Tennessee 37909. (Pilot Defendants identified in paragraphs 26-28 are collectively referred to as "Pilot Travel Centers").

29.     Pilot Travel Centers engages in the business of catering to vehicular traffic across the United States, including, *inter alia,* both systematically and significantly throughout the Commonwealth of Pennsylvania, including significant business activities within the jurisdiction of this Court in Philadelphia County, Pennsylvania, with respect to providing fueling, food, beverage and surrounding goods and services with a significant emphasis on the domestic trucking industry, including through various affiliates, agents and franchisees.

30.     Defendant Pilot Travel Centers also engages in the business of catering to vehicular traffic across the United States, including, *inter alia,* both systematically and significantly throughout the Commonwealth of Pennsylvania, including significant business activities within the jurisdiction of this Court in Philadelphia County, Pennsylvania, with respect to providing fueling, food, beverage and surrounding goods and services with a significant emphasis on the domestic trucking industry, including through various affiliates, agents and franchisees.

31.     Each of the Defendants Pilot Corporation, Pilot Travel Centers, LLC, dba Pilot Flying J and FJ Management, Inc. are indistinguishable with respect to responsibilities for owning, operating or otherwise maintaining what are literally hundreds of locations and centers, approaching one-thousand, on a nationwide basis, including those located and operated by agents and affiliates of both companies in the Commonwealth of Pennsylvania and Philadelphia County, Pennsylvania in particular, on an alter ego basis where, at all times material hereto, the separate

existence of each such entity fails to exist with respect to the maintenance and supervision of the negligent and tortious acts and omissions set forth in this Complaint and as otherwise relevant to this action.

32.    Defendant Zerrio Winters is an individual who is a citizen and resident of Mississippi with an address of 511 W Madison Street, Tazoo City, MS 39194-3439

33.    At all times material hereto and as more fully alleged herein, Defendants, and each of them, acted individually, jointly, and/or severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said Defendants, in furtherance of their status as authorized agents, representatives, dealerships with respect to the facts and circumstances involved in the fatal incident that killed Roile Garcia.

34.    Further at all times material hereto and as more fully alleged in this Complaint, the juridic Defendants sold, marketed, manufactured, advertised, warranted, supplied and distributed the goods and services and otherwise conducted the business described in this Complaint within the confines of the Commonwealth of Pennsylvania and within Philadelphia County, Pennsylvania.

35.    Further at all times material hereto and as more fully alleged in this Complaint, the Defendants, and each of them, acted individually, jointly and/or severally, *inter alia,* by and through its employees, agents, servants and/or representatives who were acting in concert within the course and scope of their employment and on behalf of said Defendants.

36.    At all times material hereto, the Defendants, and each of them, engaged in the aforementioned activity and/or conducted business within the Commonwealth of Pennsylvania and jurisdictionally within the boundaries of Philadelphia County, Pennsylvania.

[1382772/1]                                          9

Case ID: 211202146

## STATEMENT OF FACTS

37.     On January 5, 2020, both the Decedent, Roile Garcia, and Defendant Zerrio Winters, were operating tractor-trailers that were parked at one of the centers operated by the Pilot Travel Centers located in Pittston Township, Pennsylvania.

38.     The tractor-trailer operated by Winters was owned and maintained by the Defendant U.S. Xpress, which also supervised Defendant Winters in a respondent superior relationship substantially out of Philadelphia County, Pennsylvania relevant to the acts and omissions alleged in this Complaint.

39.     U.S. Xpress was legally responsible for Zerrio Winters as regards his practices with respect to safety and otherwise in the operation and use of the U.S. Xpress tractor-trailer in question.

40.     Defendant Winters had stopped his truck in the fire lane of the subject Pilot Travel Center in Pittston Township, and was traversing in and around his tractor-trailer, as well as in and about the Pilot Travel Center location for purposes of potential purchases of fuel, food, beverage and otherwise utilizing the applicable facilities.

41.     Because of the congested setting that is custom and practice for Pilot Travel Center's business, the truck operated by Defendant Winters was too close to the adjoining tractor-trailer from a safety perspective.

42.     Defendant Winters pulled his truck to a stop illegally in the fire lane next to the tractor-trailer.

43.     As he stopped his truck, Defendant Winters pinned Decedent Roile Garcia between the two trucks and crushed him between the two eighteen-wheelers as Defendant Winters entered

the Pilot Travel Center establishment to potentially make his purchases.  The congestion and overcrowding at the Pilot Travel Center was so extensive that Defendant Winters exited the Pilot Travel Center location and felt comfortable in recklessly failing to look in and around his truck before driving it away back onto the highway.

44.     By the time Defendant Winters exited the scene, Decedent Roile Garcia lay on the pavement outside the Pilot Travel Center establishment in excruciating pain with fatal injuries resulting from being crushed while he was pinned between the two trucks as a result of the foregoing circumstances.

45.     Defendant Winters failed to return to the scene of Decedent Roile Garcia's death.

46.     The trucks owned and maintained by U.S. Xpress are not equipped with back-up cameras or any sensors, which could have prevented this tragedy.

47.     The U.S. Xpress tractor-trailer was also not equipped with a back-up warning signal which would notify surrounding individuals of the danger posed when the tractor-trailer operates in reverse.

48.     Decedent Roile Garcia was pronounced dead shortly after arriving at the emergency room of Geisinger Wyoming Valley Hospital, where he was transported shortly after emergency fire and police personnel arrived at the scene.

49.     The Defendants' misconduct was so callous and flagrant that it took Defendant Winters five days to resurface and meet with the Pittston Township police, notwithstanding their repeated calls to U.S. Xpress and despite their insistence on interviewing Winters immediately.

50.     The Defendants, pursuant to a corporate stratagem of callous indifference toward the importance of prompt intervention and action regarding such incidents and risks, assured that Winters did not meet until he had "lawyered-up" before the meeting; and the police-interview was

[1382772/1]                                        11

conducted alongside that lawyer pursuant to what the Defendants suggested was their "policy." At no time during this police interview did Defendant Winters deny the negligent and reckless acts as set forth above, nor any of the facts and circumstances aforesaid.

51.     The Decedent's minor daughter, S.G., is devastated by the loss of her father, as is the Decedent's entire family, for which compensatory, special and punitive damages are appropriate pursuant to the reckless misconduct and accompanying liability of each of the Defendants which none of them have denied despite interacting with both the police and representatives of the Decedent's estate prior to filing of this Complaint.

52.     But for the reckless actions of the Defendants, and each of them, where the Defendants, and each of them, acted with callous indifference to the risk of death or serious bodily injury resulting from their corporate and individual misconduct, Decedent Roile Garcia would be alive today and his family would have suffered none of the devastating injuries that have accrued to this day and are continuing unabated and in fact are exacerbating in an exponential way according to proof.

## CLAIM I

### Negligence
### (Against U.S. Xpress)

53.     Plaintiffs incorporate by reference all prior allegations contained in this Complaint.

54.     At all relevant times, U.S. Xpress Defendants owed Roile Garcia a duty of care to ensure that the operation of its businesses was done in a manner free from negligent, reckless and callously indifferent misconduct.

55.     U.S. Xpress breached this duty of care owed to Roile Garcia when it not only failed to take reasonable safety measures in connection with the operation and use of the tractor-trailer in question, but further assured that its business activities substantially supervised out of

[1382772/1]                                    12

Case ID: 211202146

Philadelphia County, Pennsylvania were conducted with reckless disregard of the safety of all persons coming into contact with U.S. Xpress.

56.     In connection with the foregoing misfeasance, U.S. Xpress acted with full knowledge or with reason to know of conditions that would lead a reasonable man to realize not only that his conduct creates an substantial risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

57.     U.S. Xpress' negligent and reckless conduct included, but was not limited to, the conduct and omissions set forth in ¶3, *supra*.

58.     As the direct and proximate result of Defendants' negligence, tortious conduct and wrongdoing, Roile Garcia sustained serious injuries that resulted in death.

59.     Said accident, injuries and resultant death were caused by the negligence, reckless and tortious conduct and wrongdoing of Defendants without any negligence or contribution on the part of Roile Garcia.

60.     As a direct and proximate result of Defendants' negligence, reckless and tortious conduct and wrongdoing, Roile Garcia's daughter, S.G., suffered the death of her father and experienced severe emotional distress due to the death of their beloved father.

61.     As a direct and proximate result of Defendants' negligence, reckless and tortious conduct and wrongdoing, Margarito Omar Garcia and Marlene Rodriguez, suffered the death of their son and experienced severe emotional distress due to the death of their beloved son.

62.     As a direct and proximate result of Defendants' negligence, reckless and tortious conduct and wrongdoing, Lisandra Aguilera Vazquez, the mother of Roile Garcia's daughter, S.G., suffered the death of the father of her daughter, S.G., and experienced severe emotional distress due to the death of Roile Garcia.

[1382772/1]                                    13

WHEREFORE, Plaintiffs demand judgment in their favor and against U.S. Xpress Defendants for all economic and non-economic damages, together with interests, costs, damages for delay and such other relief as this Court may deem just and fair. Plaintiffs further demand an award of exemplary and punitive damages according to proof as a result of the callous indifference to death and serious bodily injury occasioned by U.S. Xpress' decision to conduct its affairs in a manner where it realized and appreciated the said risk but nevertheless acted in conscious disregard or indifference to that risk with full knowledge of the prospective consequences – in this case the death of Roile Garcia.

## CLAIM II

### Negligence
### (Against Pilot Travel Centers Defendants)

63.     Plaintiffs incorporate by reference paragraphs 1 through 62 above as though fully set forth herein at length.

64.     At all relevant times, Pilot Travel Centers owed Roile Garcia a duty of care to ensure that the operation of its business was done in a manner free from negligent, reckless and callously indifferent conduct.

65.     The Pilot Travel Centers breached this duty of care owed to Roile Garcia when it not only failed to take reasonable safety measures in connection with the operation and use of the tractor-trailer in question, but further assured that its business activities substantially supervised out of Philadelphia County, Pennsylvania were conducted with reckless disregard of the safety of all persons coming into contact with Pilot Travel Centers.

[1382772/1]                                   14

66.     In connection with the foregoing misfeasance, Pilot Travel Centers acted with full knowledge or with reason to know of conditions that would lead a reasonable man to realize not only that his conduct creates a substantial risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

67.     The negligent and reckless conduct of Pilot Travel Centers included, but was not limited to, the conduct and omissions set forth in ¶3, supra.

68.     As the direct and proximate result of Defendants' negligence, tortious conduct and wrongdoing, Roile Garcia sustained serious injuries that resulted in death.

69.     Said accident, injuries and resultant death were caused by the negligence, reckless and tortious conduct and wrongdoing of Defendants without any negligence or contribution on the part of Roile Garcia.

70.     As a direct and proximate result of Defendants' negligence, reckless and tortious conduct and wrongdoing, Roile Garcia's daughter, S.G., suffered the death of her father and experienced severe emotional distress due to the death of their beloved father.

71.     As a direct and proximate result of Defendants' negligence, reckless and tortious conduct and wrongdoing, Roile Garica's parents, Margarito Omar Garcia and Marlene Rodriguez, suffered the death of their son and experienced severe emotional distress due to the death of their beloved son.

72.     As a direct and proximate result of Defendants' negligence, reckless and tortious conduct and wrongdoing, Lisandra Aguilera Vazquez, the mother of Roile Garcia's daughter, S.G.,

suffered the death of the father of her daughter, S.G., and experienced severe emotional distress due to the death of Roile Garcia.

WHEREFORE, Plaintiffs demand judgment in their favor and against Pilot Travel Centers Defendants for all economic and non-economic damages, together with interests, costs, damages for delay and such other relief as this Court may deem just and fair. Plaintiffs further demand an award of exemplary and punitive damages according to proof as a result of the callous indifference to death and serious bodily injury occasioned by Pilot Travel Centers' decision to conduct its affairs in a manner where it realized and appreciated the said risk but nevertheless acted in conscious disregard or indifference to that risk with full knowledge of the prospective consequences – in this case the death of Roile Garcia.

## CLAIM III

### Negligence
### (Against Defendant Zerrio Winters)

73.     Plaintiffs incorporate by reference paragraphs 1 through 72 above as though fully set forth herein at length.

74.     At all relevant times, Defendant Zerrio Winters owed Roile Garcia a duty of care to drive and park his vehicle prudently, safely and within the bounds of the law, including a duty to exercise reasonable and prudent care under the circumstances.

75.     Defendant Winters breached his duty of care owed to Roile Garcia when Winters operated his vehicle in such a negligent manner, including by parking his tractor-trailer illegally, so as to cause the accident, as described in this Complaint, in which Roile Garcia was injured and ultimately died, and by fleeing the scene of the accident, despite having learned of the incident,

and then maintaining secrecy from and with respect to the Pittston Township authorities for nearly a week and refusing to meet until U.S. Xpress counsel was present for the obvious purpose of attempting to reduce his liability under fact and law.

76.     As the direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing, Roile Garcia sustained serious injuries that resulted in death.

77.     Said accident, injuries and resultant death were caused by the negligence, tortious conduct and wrongdoing of Defendant Winters without any negligence or contribution on the part of Roile Garcia.

78.     As a direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing, Roile Garcia's daughter, S.G., suffered the death of her father and experienced severe emotional distress due to the death of their beloved father.

79.     As a direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing, Roile Garica's parents, Margarito Omar Garcia and Marlene Rodriguez, suffered the death of their son and experienced severe emotional distress due to the death of their beloved son.

80.     As a direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing, Lisandra Aguilera Vazquez, the mother of Roile Garcia's daughter, S.G., suffered the death of the father of her daughter, S.G., and experienced severe emotional distress due to the death of Roile Garcia.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant Winters for all economic and non-economic damages, together with interests, costs, damages for delay and such other relief as this Court may deem just and fair.

[1382772/1]                                17

## CLAIM IV

### Wrongful Death
### (Against All Defendants)

81.     Plaintiffs incorporate by reference paragraphs 1 through 80 above as though fully set forth herein at length.

82.     Plaintiff, Margarito Omar Garcia, individually, and as Personal Representative of the Estate of Roile Garcia, brings this wrongful death action to recover for losses of Decedent Roile Garcia and his beneficiaries pursuant to 42 Pa. C.S.A. §8301, *et seq*., Pa. R.C.P. No. 2202(a), and such other applicable statutory and common law provisions applicable pursuant to the circumstances of this case.

83.     No other action for the cause of Decedent's death has been brought against the Defendants.

84.     U.S. Xpress is liable for the negligent, callously indifferent and reckless supervision of Defendant Winters' activities as the operator of the U.S. Xpress' tractor-trailer that resulted directly and unequivocally in the death of Decedent Roile Garcia as described above.

85.     Defendant Pilot Travel Centers is liable for negligently and recklessly operating its fueling, food, beverage and service centers in an intentionally congested manner without following any of the state and local laws for safety and efficacy in an inherently dangerous environment where multiple tonnages of tractor-trailers are traversing through what are nearly 1,000 centers nationwide on a continual basis.

86.     Defendant Winters is liable for directly causing the death of the Decedent Roile Garcia as set forth above and in such an egregious and reckless fashion as to include Defendant Winters decision to flee from the scene of the accident and then maintaining secrecy from and with respect to the Pittston Township authorities for nearly a week and refusing to meet until U.S.

Xpress counsel was present for the obvious purpose of attempting to reduce his liability under fact and law.

87.     Defendants, and each of them, owed the Decedent Roile Garcia, a non-delegable duty to use reasonable care to ensure that the operation of their businesses was done in a manner free from negligent and reckless misconduct let alone such misconduct calculated to result in death or serious bodily injury as the misconduct set forth above in fact caused in the hastened death of Roile Garcia.

88.     As set forth in detail above, the Defendants, and each of them, failed to use reasonable care and this directly resulted in the death of Roile Garcia.

89.     The carelessness and negligence of the Defendants, and of their employees, agents and affiliates, as set forth above, were the direct and proximate cause of the fatal personal injuries sustained by Roile Garcia and directly and proximately resulted in his death.

90.     As a result of the tragic and untimely death of Roile Garcia in violation of applicable wrongful death provisions, the Survivors of and the Estate of Roile Garcia seek all possible and resulting damages pursuant to Pa. R. C. P. 238 and/or under Florida law, including the following:

A.     Margarito Omar Garcia, as the father of Roile Garcia, has sustained damages as recoverable under the circumstances of this case according to proof; and

B.     The Estate of Roile Garcia, has sustained the following damages:

    i.     Funeral and burial expenses incurred as a result of the death of Roile Garcia that have become a charge against his estate or that were paid on his behalf;

    ii.    Such other damages as are permissible in a wrongful death action; and

Case ID: 211202146

C.   Each and every other Survivor, including, but not limited to, Roile Garcia's minor daughter, S.G., has sustained the following damages:

   i.   Loss of support and services of her father;

   ii.   Mental pain and suffering from the date of injury and continuing for the remainder of their life; and

   iii.   Such other damages as are permissible in a wrongful death action.

WHEREFORE, Plaintiffs demand judgment against Defendants for all economic and non-economic damages, together with interests, costs and delay damages, pursuant to Pa. R. C. P. 238 and under other applicable provisions of law according to proof. Plaintiffs further demand an award of exemplary and punitive damages according to proof as a result of the callous indifference to death and serious bodily injury occasioned by U.S. Xpress', Pilot Travel Centers' and Winters' decisions to conduct their affairs in a manner where they realized and appreciated the said risk but nevertheless acted in conscious disregard or indifference to that risk with full knowledge of the prospective consequences – in this case the death of Roile Garcia.  Even Defendant Winters acted with full knowledge of the fatal consequences, because he knew of the risk created by the foregoing circumstances but failed in any event to conduct his affairs in a careful, prudent and non-reckless manner notwithstanding his knowledge that death or serious bodily injury could result from the dangerous instrumentalities created by he and the other Defendants.

## CLAIM V

### Vicarious Liability of U.S. Xpress for Zerrio Winters
### Under Doctrine of Dangerous Instrumentality
### (Against U.S. Xpress Defendants)

91.     Plaintiffs incorporate by reference paragraphs 1 through 90, above, as though fully set forth herein at length.

92.     Plaintiff Margarito Omar Garcia, individually, and as Personal Representative of the Estate of Roile Garcia, bring this vicarious liability action under 20 Pa. C.S.A. § 3373 and 42 Pa. C.S.A. § 8302.

93.     The Defendant U.S. Xpress, at all times material hereto, was the owner and operator of the motor vehicle involved in causing the death of Roile Garcia.

94.     As a direct and proximate result of the aforesaid acts of negligence of Defendants, Plaintiffs suffered, and the Defendants are liable for, the following damages:

    i.      Roile Garcia's pain and suffering between the time of his injuries and the time of his death;

    ii.     Past and future pain and suffering;

    iii.    Loss of earnings of Roile Garcia, from the date of his death;

    iv.     Past and future society, affection, consortium, companionship, guidance, care and instruction;

    v.      Loss of prospective net estate accumulations;

    vi.     Lost value of life;

    vii.    Roile Garcia's loss of retirement and Social Security income;

    viii.   Funeral expenses;

    ix.     Property damage;

    x.       Medical bills;

    xi.      Past and future loss of support in money and in kind;

    xii.     Such other damages as are permissible in such a vicarious liability action for wrongful death.

WHEREFORE, Plaintiffs demand judgment against U.S. Xpress for all economic and non-economic damages, together with interests, costs and delay damages, pursuant to Pa. R. C. P. 238. Plaintiffs further demand an award of exemplary and punitive damages according to proof as a result of the callous indifference to death and serious bodily injury occasioned by U.S. Xpress' decision to conduct its affairs in a manner where it realized and appreciated the said risk but nevertheless acted in conscious disregard or indifference to that risk with full knowledge of the prospective consequences – in this case the death of Roile Garcia.

## CLAIM VI

### Loss of Consortium of S.G.
### (Against all Defendants)

95.    Plaintiffs incorporate by reference paragraphs 1 through 94, above, as though fully set forth herein at length.

96.    Plaintiff, S.G., is the minor daughter of Decedent, Roile Garcia.

97.    As a proximate cause of the Defendants' negligent and reckless misconduct set forth in this Complaint, Plaintiff, S.G., has lost the support, services, instruction, guidance, and companionship of Decedent, Roile Garcia, and suffers mental pain and suffering.

98.    Said losses have occurred in the past and will continue to occur in the future.

99.    Said losses are the result of the reckless and negligent misconduct of the Defendants.

WHEREFORE, Plaintiff, S.G., demands judgment against Defendants, U.S.

[1382772/1]                  22

Case ID: 211202146

Xpress, Pilot Travel Centers, and Zerrio Winters, for the loss of consortium as well as compensatory damages and economic damages, plus interest and costs, as well as whatever other and further relief this Court deems just and proper. Plaintiffs further demand an award of exemplary and punitive damages according to proof as a result of the callous indifference to death and serious bodily injury occasioned by U.S. Xpress', Pilot Travel Centers' and Winters' decisions to conduct their affairs in a manner where they realized and appreciated the said risk but nevertheless acted in conscious disregard or indifference to that risk with full knowledge of the prospective consequences – in this case the death of Roile Garcia. Even Defendant Winters acted with full knowledge of the fatal consequences, because he knew full well of the risk created by the foregoing circumstances but failed in any event to conduct his affairs in a careful, prudent and non-reckless manner notwithstanding his knowledge that death or serious bodily injury could result from the dangerous instrumentalities involved.

## CLAIM VII

### Respondeat Superior/Vicarious Liability
### (Against U.S. Express Defendants)

100.    Plaintiffs incorporate by reference paragraphs 1 through 99 above as though fully set forth herein at length.

101.    At all times relevant herein, the reckless and negligent acts of U.S. Xpress Defendants' agents and employees, including but not limited to those of Zerrio Winters, were done while acting within the course and scope of their employ and/or agency with said Defendants. Thus, said Defendants U.S. Xpress are vicariously liable for the actions of their agents and employees when they committed the negligent and indeed reckless acts alleged herein.

102.    As a direct and proximate result of the above-described negligent acts and

omissions of U.S. Express Defendants, Roile Garcia sustained and suffered injuries that resulted in death as set forth above, and Plaintiffs have suffered the damages set forth in Counts I-IV above.

WHEREFORE, Plaintiffs demand judgment against U.S. Xpress Defendants for all economic and non-economic damages, together with interests, costs and delay damages, pursuant to Pa. R. C. P. 238. Plaintiffs further demand an award of exemplary and punitive damages according to proof as a result of the callous indifference to death and serious bodily injury occasioned by U.S. Xpress' decision to conduct its affairs in a manner where it realized and appreciated the said risk but nevertheless acted in conscious disregard or indifference to that risk with full knowledge of the prospective consequences – in this case the death of Roile Garcia. .

### Jury Trial Demand

Plaintiff demands trial by jury.

Respectfully submitted,

**ECKELL, SPARKS, LEVY, AUERBACH, MONTE, SLOANE, MATTHEWS & AUSLANDER, P.C.**

By: _____

PATRICK T. HENIGAN

Date:  December 29, 2021

[1382772/1]                              24

Case ID: 211202146

## VERIFICATION

I, Patrick T. Henigan, Esquire verify that I am counsel for the Plaintiffs in the within action and that the statements made in the Civil Action Complaint are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
Patrick T. Henigan, Esquire

Case ID: 211202146

# EXHIBIT 2





No Items in Cart  **LOGIN**

Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 211202146 |
| **Case Caption:** | OMAR GARCIA ETAL VS U.S. XPRESS ENTERPRISES, INC. |
| **Filing Date:** | Thursday , December 30th, 2021 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | MOTOR VEHICLE ACCIDENT |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|---|
| 1 | | | | ATTORNEY FOR PLAINTIFF | HENIGAN, PATRICK T |
| **Address:** | 300 WEST STATE STREET SUITE 300 MEDIA PA 19063 (610)565-3700 phenigan@eckellsparks.com | **Aliases:** | *none* | | |
| | | | | | |
| 2 | 1 | | | PLAINTIFF | OMAR GARCIA, MARGARITO |
| **Address:** | 312 N.E. 114TH STREET MIAMI FL 33161 | **Aliases:** | *none* | | |
| | | | | | |
| 3 | | | | DEFENDANT | TRANSPORTATION INVESTMENTS INC |

| **Address:** | 4080 JENKINS ROAD CHATTANOOGA TN 37421 | **Aliases:** | | *none* | |
| --- | --- | --- | --- | --- | --- |
| | | | | | |
| 4 | | | DEFENDANT | | TOTAL TRANSPORTATION OF MISSISSIPPI LLC |
| **Address:** | 4080 JENKINS ROAD CHATTANOOGA TN 37421 | **Aliases:** | | *none* | |
| | | | | | |
| 5 | | | DEFENDANT | | PILOT CORPORATION |
| **Address:** | 5508 LONAS DRIVE KNOXVILLE TN 37909 | **Aliases:** | | *none* | |
| | | | | | |
| 6 | | | DEFENDANT | | PILOT TRAVEL CENTERS LLC DBA PILOT FLYING J |
| **Address:** | 5508 LONAS DRIVE KNOXVILLE TN 37909 | **Aliases:** | | *none* | |
| | | | | | |
| 7 | | | DEFENDANT | | FJ MANAGEMENT INC |
| **Address:** | 5508 LONAS DRIVE KNOXVILLE TN 37909 | **Aliases:** | | *none* | |
| | | | | | |
| 8 | | | DEFENDANT | | WINTERS, ZERRIO |
| **Address:** | 511 W. MADISON STREET TAZOO CITY MS 39194 | **Aliases:** | | *none* | |
| | | | | | |
| 9 | 1 | | GUARDIAN - PLAINTIFF | | OMAR GARCIA, MARGARITO |
| **Address:** | 312 N.E. 114TH STREET MIAMI MIAMI FL 33161 | **Aliases:** | | *none* | |
| | | | | | |
| 10 | | | DEFENDANT | | US XPRESS ENTERPRISES INC |
| **Address:** | 4080 JENKINS ROAD CHATTANOOGA TN 37421 | **Aliases:** | | *none* | |
| | | | | | |
| 11 | | | DEFENDANT | | US XPRESS LEASING INC |
| **Address:** | 4080 JENKINS ROAD CHATTANOOGA TN 37421 | **Aliases:** | | *none* | |

| 12 | | | DEFENDANT | XPRESS ASSURANCE INC |
|---|---|---|---|---|
| **Address:** | 4080 JENKINS ROAD CHATTANOOGA TN 37421 | **Aliases:** | *none* | |

| 13 | | | DEFENDANT | XPRESS HOLDINGS INC |
|---|---|---|---|---|
| **Address:** | 4080 JENKINS ROAD CHATTANOOGA TN 37421 | **Aliases:** | *none* | |

| 14 | | | DEFENDANT | MOUNTAIN LAKE RISK RETENTION GROUP INC |
|---|---|---|---|---|
| **Address:** | 4080 JENKINS ROAD CHATTANOOGA TN 37421 | **Aliases:** | *none* | |

| 15 | | | DEFENDANT | TOTAL LOGISTICS INC |
|---|---|---|---|---|
| **Address:** | 4080 JENKINS ROAD CHATTANOOGA TN 37421 | **Aliases:** | *none* | |

| 16 | | | DEFENDANT | TRANSPORTATION ASSETS LEASING INC |
|---|---|---|---|---|
| **Address:** | 4080 JENKINS ROAD CHATTANOOGA TN 37421 | **Aliases:** | *none* | |

| 17 | | | TEAM LEADER | COHEN, DENIS P |
|---|---|---|---|---|
| **Address:** | 656 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 30-DEC-2021 02:16 PM | ACTIVE CASE | | | 30-DEC-2021 02:21 PM |
| **Docket Entry:** | E-Filing Number: 2112055427 | | | |
| | | | | |
| 30-DEC-2021 02:16 PM | COMMENCEMENT CIVIL ACTION JURY | HENIGAN, PATRICK T | | 30-DEC-2021 02:21 PM |

| Documents: | 🔦 Click link(s) to preview/purchase the documents<br>Final Cover | | | Click HERE to purchase all documents related to this one docket entry |
|---|---|---|---|---|

| Docket Entry: | *none.* | | | |
|---|---|---|---|---|

| 30-DEC-2021<br>02:16 PM | COMPLAINT FILED NOTICE GIVEN | HENIGAN, PATRICK T | | 30-DEC-2021<br>02:21 PM |
|---|---|---|---|---|
| **Documents:** | 🔦 Click link(s) to preview/purchase the documents<br>Garcia Complaint.pdf | | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |

| 30-DEC-2021<br>02:16 PM | JURY TRIAL PERFECTED | HENIGAN, PATRICK T | | 30-DEC-2021<br>02:21 PM |
|---|---|---|---|---|
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |

| 30-DEC-2021<br>02:16 PM | WAITING TO LIST CASE MGMT CONF | HENIGAN, PATRICK T | | 30-DEC-2021<br>02:21 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 02-FEB-2022<br>01:04 PM | AFFIDAVIT OF SERVICE FILED | HENIGAN, PATRICK T | | 02-FEB-2022<br>01:07 PM |
|---|---|---|---|---|
| **Documents:** | 🔦 Click link(s) to preview/purchase the documents<br>Proof of Service.pdf | | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ZERRIO WINTERS, XPRESS HOLDINGS INC, XPRESS ASSURANCE INC, US XPRESS LEASING INC, US XPRESS ENTERPRISES INC, TRANSPORTATION INVESTMENTS INC, TRANSPORTATION ASSETS LEASING INC, TOTAL TRANSPORTATION OF MISSISSIPPI LLC, TOTAL LOGISTICS INC, PILOT TRAVEL CENTERS LLC DBA PILOT FLYING J, PILOT CORPORATION, MOUNTAIN LAKE RISK RETENTION GROUP INC AND FJ MANAGEMENT INC BY CERTIFIED MAIL ON 01/11/2022 FILED. (FILED ON BEHALF OF MARGARITO OMAR GARCIA AND MARGARITO OMAR GARCIA) | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Search Home     Return to Results

# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARGARITO OMAR GARCIA, as the Personal Representative of the ESTATE OF ROILE GARCIA, on behalf of the Estate, and his Survivors; S.G., through her guardian and next best friend, MARGARITO OMAR GARCIA, individually, | : : : : : : : | No. |
| Plaintiffs, | : : | |
| v. | : : | |
| U.S. XPRESS ENTERPRISES, INC.; U.S. XPRESS ENTERPRISES, INC.; U.S. XPRESS LEASING, INC.; XPRESS ASSURANCE INC.; XPRESS HOLDINGS, INC.; MOUNTAIN LAKE RISK RETENTION GROUP, INC.; TOTAL LOGISTICS, INC.; TRANSPORTATION ASSETS LEASING, INC.; TRANSPORTATION INVESTMENTS, INC.; TOTAL TRANSPORTATION OF MISSISSIPPI, LLC; PILOT CORPORATION; PILOT TRAVEL CENTERS, LLC dba PILOT FLYING J; FJ MANAGEMENT, INC.; ZERRIO WINTERS | : : : : : : : : : : : : : : : : : : | |
| Defendants. | : : | |

## CONSENT TO REMOVE PURSUANT TO 28 U.S.C. 1446(b)(2)(A)

Pursuant to 28 U.S.C. § 1446(b)(2)(A), defendant Pilot Corporation, by and through its

attorneys, consents to the removal of the case captioned <u>Margarito Omar Garcia, as the Personal</u>

<u>Representative of the Estate of Roile Garcia, on behalf of the Estate, and his Survivors; S.G.,</u>

<u>through her guardian and next best friend, Margarito Omar Garcia, individually  v. U.S. Xpress</u>

<u>Enterprises, Inc.; U.S. Xpress Enterprises, Inc.; U.S. Xpress Leasing, Inc.; Xpress Assurance</u>

<u>Inc.; Xpress Holdings, Inc.; Mountain Lake Risk Retention Group, Inc.; Total Logistics, Inc.;</u>

Transportation Assets Leasing, Inc.; Transportation Investments, Inc.; Total Transportation of Mississippi, LLC; Pilot Corporation; Pilot Travel Centers, LLC dba Pilot Flying J; FJ Management, Inc.; Zerrio Winters, from the Court of Common Pleas, Philadelphia County, December Term 2021, No. 002146, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MORGAN & AKINS, PLLC**

By:     *Meghan F. Henry*
        Meghan F. Henry, Esquire
        30 S. 17th Street, Suite 701
        Philadelphia, PA 19102
        267-888-2842
        mhenry@morganakins.com
        *Attorney for defendant, Pilot Corporation*

Date: February 25, 2022

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| MARGARITO OMAR GARCIA, as the Personal Representative of the ESTATE OF ROILE GARCIA, on behalf of the Estate, and his Survivors; S.G., through her guardian and next best friend, MARGARITO OMAR GARCIA, individually, | : : : : : : : | No. |
|  | : | |
| Plaintiffs, | : : | |
| v. | : : | |
| U.S. XPRESS ENTERPRISES, INC.; U.S. XPRESS ENTERPRISES, INC.; U.S. XPRESS LEASING, INC.; XPRESS ASSURANCE INC.; XPRESS HOLDINGS, INC.; MOUNTAIN LAKE RISK RETENTION GROUP, INC.; TOTAL LOGISTICS, INC.; TRANSPORTATION ASSETS LEASING, INC.; TRANSPORTATION INVESTMENTS, INC.; TOTAL TRANSPORTATION OF MISSISSIPPI, LLC; PILOT CORPORATION; PILOT TRAVEL CENTERS, LLC dba PILOT FLYING J; FJ MANAGEMENT, INC.; ZERRIO WINTERS | : : : : : : : : : : : : : : : : : | |
| Defendants. | : : | |

## CONSENT TO REMOVE PURSUANT TO 28 U.S.C. 1446(b)(2)(A)

Pursuant to 28 U.S.C. § 1446(b)(2)(A), defendant Pilot Travel Centers, LLC dba Pilot

Flying J, by and through its attorneys, consents to the removal of the case captioned Margarito

Omar Garica, as the Personal Representative of the Estate of Roile Garcia, on behalf of the

Estate, and his Survivors; S.G., through her guardian and next best friend, Margarito Omar

Garica, individually  v. U.S. Xpress Enterprises, Inc.; U.S. Xpress Enterprises, Inc.; U.S. Xpress

Leasing, Inc.; Xpress Assurance Inc.; Xpress Holdings, Inc.; Mountain Lake Risk Retention

Group, Inc.; Total Logistics, Inc.; Transportation Assets Leasing, Inc.; Transportation Investments, Inc.; Total Transportation of Mississippi, LLC; Pilot Corporation; Pilot Travel Centers, LLC dba Pilot Flying J; FJ Management Inc.; Zerrio Winters, from the Court of Common Pleas, Philadelphia County, December Term 2021, No. 002146, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MORGAN & AKINS, PLLC**

By:     *Meghan F. Henry*
Meghan F. Henry, Esquire
30 S. 17th Street, Suite 701
Philadelphia, PA 19102
267-888-2842
mhenry@morganakins.com
*Attorney for defendant,*
*Pilot Travel Centers, LLC dba Pilot Flying J*

Date: February 25, 2022

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARGARITO OMAR GARCIA, as the Personal Representative of the ESTATE OF ROILE GARCIA, on behalf of the Estate, and his Survivors; S.G., through her guardian and next best friend, MARGARITO OMAR GARCIA, individually, | : : : : : : : | No. |
| Plaintiffs, | : : | |
| v. | : : | |
| U.S. XPRESS ENTERPRISES, INC.; U.S. XPRESS ENTERPRISES, INC.; U.S. XPRESS LEASING, INC.; XPRESS ASSURANCE INC.; XPRESS HOLDINGS, INC.; MOUNTAIN LAKE RISK RETENTION GROUP, INC.; TOTAL LOGISTICS, INC.; TRANSPORTATION ASSETS LEASING, INC.; TRANSPORTATION INVESTMENTS, INC.; TOTAL TRANSPORTATION OF MISSISSIPPI, LLC; PILOT CORPORATION; PILOT TRAVEL CENTERS, LLC dba PILOT FLYING J; FJ MANAGEMENT, INC.; ZERRIO WINTERS | : : : : : : : : : : : : : : : | |
| Defendants. | : : | |

**CONSENT TO REMOVE PURSUANT TO 28 U.S.C. 1446(b)(2)(A)**

Pursuant to 28 U.S.C. § 1446(b)(2)(A), defendant FJ Management Inc., by and through

its attorneys, consents to the removal of the case captioned <u>Margarito Omar Garcia, as the</u>

<u>Personal Representative of the Estate of Roile Garcia, on behalf of the Estate, and his Survivors;</u>

<u>S.G., through her guardian and next best friend, Margarito Omar Garcia, individually v. U.S.</u>

<u>Xpress Enterprises, Inc.; U.S. Xpress Enterprises, Inc.; U.S. Xpress Leasing, Inc.; Xpress</u>

<u>Assurance Inc.; Xpress Holdings, Inc.; Mountain Lake Risk Retention Group, Inc.; Total</u>

Logistics, Inc.; Transportation Assets Leasing, Inc.; Transportation Investments, Inc.; Total Transportation of Mississippi, LLC; Pilot Corporation; Pilot Travel Centers, LLC dba Pilot Flying J; FJ Management, Inc.; Zerrio Winters, from the Court of Common Pleas, Philadelphia County, December Term 2021, No. 002146, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MORGAN & AKINS, PLLC**

By:  *Meghan F. Henry*
Meghan F. Henry, Esquire
30 S. 17th Street, Suite 701
Philadelphia, PA 19102
267-888-2842
mhenry@morganakins.com
*Attorney for defendant,*
*FJ Management Inc.*

Date: February 25, 2022