# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARCIA, *et al.* : | | |
| *Plaintiffs* : | | CIVIL ACTION |
| : | | |
| v. : | | NO. 22-0723 |
| : | | |
| Winters, *et al.* : | | |
| *Defendants* : | | |

## MEMORANDUM

**Kenney, J.**                                                                                                May 11, 2022

Before the Court is a Motion to Transfer Venue from the Eastern District of Pennsylvania to the Middle District of Pennsylvania from Defendants U.S. Xpress, Inc.[1] and Zerrio Winters (hereinafter "Moving Defendants").[2]

## I.    BACKGROUND

Plaintiffs[3] brought suit against Defendants[4] in the Court of Common Pleas of Philadelphia County and Moving Defendants, with consent of other Defendants, removed the

---

[1] U.S. Xpress states that it was incorrectly identified in the Complaint as "U.S. Xpress Enterprises, Inc." ECF No. 15 at 2.

[2] While the Motion states that all Defendants prefer transfer of this case to the Middle District (ECF No. 15 at 8), there is no document submitted to the Court with the other Defendants' signature or acknowledgment of such support. Thus far in the case, the U.S. Xpress related Defendants and the Pilot related Defendants have filed separate Answers to the case and are represented by separate counsel. The Court cannot take Moving Defendants' assertion at face value absent any actual evidence that this motion was jointly filed by all Defendants.

[3] Plaintiff, Margarito Omar Garcia, brings this action as Personal Representative of the Estate of Roile Garcia, and on behalf of his Estate and his survivors and S.G. (Mr. Garcia's minor daughter) individually. ECF No. 1-4 at 6.

[4] Defendants are listed in the Complaint as U.S. Xpress Enterprises, Inc., U.S. Xpress Leasing, Inc., Xpress Assurance Inc., Xpress Holdings, Inc., Mountain Lake Risk Retention Group, Inc., Total Logistics, Inc., Transportation Assets Leasing, Inc., Transportation Investments, Inc., Total Transportation of Mississippi, LLC, Pilot Corporation, Pilot Travel Centers, LLC, (dba Pilot Flying J), FJ Management, Inc., and Zerrio Winters.

1

case to this Court. ECF No. 1. Plaintiffs allege that, on January 5, 2020, Roile Garcia was "killed by the actions of each of the Defendants." ECF No. 1-4 at 6. Plaintiffs claim that Mr. Garcia was "crushed" between an eighteen-wheeler and a tractor-trailer in the parking lot of the Pilot Travel Center located in Pittston Township, Pennsylvania. *Id.* at 8, 14. Moving Defendants claim Officer Edward Sulima of the Pittston Township Police Department responded to the scene of the incident, directed the investigation, authored the Incident Report, interviewed witnesses, and observed evidence related to the incident. ECF No. 15 at 3. The Pittston Township Fire Department and Hughestown EMS assisted at the scene of the incident. *Id*. Mr. Garcia was treated at Geisinger Wyoming Valley Hospital in Wilkes-Barre, PA. *Id.* The autopsy was performed by Luzerne County Deputy Coroner Joseph Jacobs. *Id*.

Plaintiffs reside in Florida and are represented by counsel based in Florida. ECF No. 1-4 at 6. Defendants are comprised of Nevada, Tennessee, Arizona, Vermont, Utah and Mississippi corporations or limited liability company, as well as an individual driver of the eighteen-wheeler who is a resident of Mississippi. *Id.* at 10, 12. Plaintiff alleges that Defendants conducted business within the boundaries of Philadelphia County at or around the time of the incident. *Id.* at 13.

## II.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a).[5] "The

---

[5] The parties do not dispute that this case could have been brought in the Middle District of Pennsylvania. Moving Defendants point out that Pittston Township is in Luzerne County, which is part of the Middle District of Pennsylvania. ECF No. 15 at 6. Since a substantial part of the events giving rise to this dispute occurred in the Middle District, venue of this action is proper in the Middle District. Since

2

burden rests with the moving party to prove that transfer is appropriate." *Dariz v. Republic Airline Inc*, 377 F. Supp. 3d 499, 502 (E.D. Pa. 2019).

"[A] court must examine factors set out in the statute as well as other factors that involve public or private interests. The statutory factors are: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interest of justice; and (4) whether the case could have been brought in the proposed transferee forum." *Am. Littoral Soc. v. U.S. E.P.A.*, 943 F. Supp. 548, 550 (E.D. Pa. 1996). However, "courts have not limited their consideration" to the statutory factors. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Courts should consider the broader categories of private and public interests, which include those statutory factors. *Id*. Private interests include plaintiff's forum preference, the defendant's preference, whether the claims arose elsewhere, the convenience of the parties when considering their relative physical and financial positions, and the location of books and records. *Id*. Public interests include the enforceability of the judgment, administration of an expeditious or inexpensive trial, court congestion, the local interest in deciding the dispute, and the familiarity of the trial judge with the applicable state law in diversity cases.[6] *Id*. at 879-80.

The Court has broad discretion in deciding a motion to transfer venue because the evaluation occurs on a case-by-case basis. *See Dariz*, 377 F. Supp. 3d at 502 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "A transfer, however, should not be granted liberally." *Dariz*, 377 F. Supp. 3d at 502 (citation omitted).

---

Defendants all conducted business in the Middle District, personal jurisdiction is proper. *See SKF USA Inc. v. Okkerse*, 992 F.Supp.2d 432 (E.D. Pa. 2014) (citation omitted) ("An action may be transferred to another district if (1) venue is proper in the transferee district, and (2) the transferee district can exercise personal jurisdiction over the defendants.").

[6] "[P]ublic interests to be balanced are not necessarily tied to the parties, but instead derive from 'the interest of justice.'" *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) (quoting 28 U.S.C. § 1404(a)).

### III. DISCUSSION

 A. <u>Private Interests</u>

  1. *Plaintiff's Choice of Forum*

"Unless the moving party can demonstrate that the relevant factors weigh strongly in its favor, the plaintiff's choice of forum will likely prevail." *Dariz*, 377 F. Supp. 3d at 502–03. However, "when a plaintiff chooses a forum other than its home forum, that choice receives less deference." *Am. Littoral Soc.*, 943 F. Supp. at 551 ("that choice is not controlling or absolute"); *Aamco Transmission Inc. v. Johnson*, 641 F. Supp. 2d 464, 466 (E.D. Pa. 2009) ("[C]ourts have given great deference to the plaintiff's choice of forum […] Notably, however, when a plaintiff has not brought suit in his home forum and the cause of action did not occur in the forum, the choice is given less weight.").

Even though Plaintiffs do not reside in the Eastern District of Pennsylvania, and thus the choice of forum is granted less deference, "Plaintiff's preference to bring his action to this Court is nonetheless entitled to significant weight." *Dariz*, 377 F. Supp. 3d at 503. Absent a showing of compelling reasons to transfer venue, the Court will maintain the Plaintiffs' choice of forum.

  2. *Defendant's Preference*

While the Court may consider defendant's preference of forum, it is given "considerably less weight than Plaintiff's" preference. *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005). "[T]he defendant's preference—in reality does little more than frame the issue, because there would be no motion to transfer *unless* the defendant prefers a different forum. The essential question is whether a combination of other factors are sufficient to overcome the presumption that the plaintiff's preference governs."

4

*Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 622 (E.D. Pa. 2018) (emphasis in original). As discussed below, the Court does not find the combination of other factors outweigh the plaintiffs' forum preference.

In addition, other than the location of the incident and some of the witnesses, Moving Defendants do not provide any other indication that the Eastern District would be an inconvenient forum for their clients. Moving Defendants do not refute that they conduct business throughout the state of Pennsylvania. It should also be noted again that only two of the Defendants filed this Motion, which was not signed or otherwise formally joined by the remaining Defendants. ECF No. 18 at 10.

      3. *Where the Claims Arise*[7]

Moving Defendants' primary argument in favor of transfer of venue is that the event giving rise to Plaintiffs' claim arose from an incident in the Middle District, specifically at the Pilot Travel Center in Pittston Township, Pennsylvania. ECF No. 15 at 7-8. The Middle District courthouse in Scranton is 10 miles away from the Pilot Travel Center where the incident occurred. *Id.* at 11. The Eastern District courthouse in Philadelphia is approximately 115 miles away from the Pilot Travel Center in Pittston, PA. Moving Defendants claim that this distance favors transfer of venue because the jury may need to view the incident site to see the positioning and location of the two tractor-trailers at the Pilot Travel Center. This Court finds it unlikely that either district will entertain the proposal for an accident to be evaluated by a field trip to the incident site followed by an elaborate re-enactment of the conditions present on that day. There appears to be no reason why the same positioning, location, and congestion representations

---

[7] Plaintiffs assert here that the Defendants conduct business in the Commonwealth of Pennsylvania and in Philadelphia County and, therefore it is logical to file suit in Philadelphia. ECF No. 18 at 4. This assertion misses the point. Moving Defendants are not refuting that venue is proper in the Eastern District, merely that it is more appropriate in the Middle District. There is no dispute that venue is proper here.

5

cannot be made using photographs or video evidence to eliminate an inefficient and impractical viewing of the public site. ECF No. 18 at 6 ("Defendants acknowledg[e] [that] surveillance video [] captured the incident"); *see Lewis v. Lycoming*, 917 F. Supp. 2d 366, 373 (E.D. Pa. 2013) ("The accident site may be shown to the factfinder through pictures and video."). There is also the consideration of the safety and efficacy of having a large group of people gather beside a heavily trafficked parking lot during trial. Even if the Court did find such a viewing necessary, since the incident site is within driving distance from either courthouse, the inconvenience of a lengthier commute on one day of trial is not enough to warrant transfer of venue, absent other compelling interests.

    4.*Convenience of the Parties and Witnesses*

  Moving Defendants point out that none of the parties reside in or are headquartered in the Eastern District. ECF No. 15 at 8. However, since none reside in or are headquartered in the Middle District either, the convenience of the parties is neutral.

  Moving Defendants emphasize that the forum of the Middle District "would be substantially more convenient for non-party witnesses." ECF No. 15 at 9. However, "[t]he convenience of witnesses is a factor for consideration only to the extent that the witnesses would not be available in the chosen forum." *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 731 (E.D. Pa. 2005); *Scanlan v. Am. Airlines Grp., Inc.*, 366 F. Supp. 3d 673, 678 (E.D. Pa. 2019) ("We are only required to consider the convenience of witnesses to the extent that they may actually be unavailable for trial in one of the fora. Though more witnesses may be located in Fort Worth than Philadelphia, there is no indication that any would be unavailable in the Eastern District of Pennsylvania.") (citation omitted); ECF No. 18 at 5. Courts in this Circuit have weighed the convenience of witnesses in favor of transferring

venue when the moving party establishes that witnesses reside outside of the current forum's subpoena power and when there is a likelihood that witnesses will refuse to testify without a subpoena. *See Mitel Networks Corp. v. Facebook, Inc.*, 943 F.Supp.2d 463, 473 (D. Del. 2013) (collecting cases). But "simply stating that a witness would be unavailable because he or she is outside the subpoena power of a court is, without more, insufficient." *Id*.

Moving Defendants assert that all the non-party fact witnesses identified so far in the litigation, with one exception, reside or work in Luzerne County in the Middle District. ECF No. 15 at 9. There is no assertion that such witnesses would be incapable of appearing in the Eastern District, that they are outside of the Court's subpoena power or otherwise unavailable for trial. Where a witness works does not indicate the convenience of a witness participating in a trial. A witness may work in Luzerne County and reside in the Eastern District or even further away in New Jersey. Regardless, the difference between the two forums is negligible, as the two districts neighbor each other. In fact, the Middle District's courthouse in Harrisburg is approximately the same distance from Luzerne County as this Court in Philadelphia, and the Middle District's courthouse in Williamsport is similarly distanced from Luzerne County. The difference between a witness traveling 45 minutes and two hours to testify at trial is not significant enough to justify transfer of venue on its own. While the Middle District courthouse in Scranton is closer to Luzerne County than Philadelphia, the difference in distance of two neighboring districts that are both within driving distance and the same state is not a substantial issue of convenience. Considering their relative financial positions, Defendants are mostly nationwide corporations that have the resources and capability to transport witnesses who live in a different part of Pennsylvania to Philadelphia for the purposes of trial.

5. *Location of Books and Records*

Moving Defendants concede that this factor is neutral because all books or records could be produced in either district. ECF No. 15 at 9.

Therefore, for the foregoing reasons, Moving Defendants have not demonstrated that the private interest considerations weigh in favor of transferring this case to the Middle District of Pennsylvania.

B. <u>Public Interests</u>

The public interest factors similarly do not favor transfer from the Eastern District to the Middle District. It is unnecessary for the Court to thoroughly evaluate each individual public interest factor as all are either neutral or lean towards the Plaintiffs' preferred forum. A judgment rendered in either district is enforceable. Regardless of the district, the case will be adjudicated under either Pennsylvania or Florida law and both districts are capable of applying either law.

While it is early in the proceedings, the Complaint was initially filed in December 2021. Removal procedures and this Motion to Transfer have both delayed any furtherance of the case. In fact, the initial pre-trial conference to set the Scheduling Order in this case has been postponed in order to accommodate briefing on this Motion. Transfer may yet again delay discovery in a case that began over four months ago. The consideration of an expeditious administration is, at best, neutral, and, at worst, in favor of moving ahead in the Eastern District.

As to court congestion, the parties disagree as to which metric should be used to measure congestion – pending cases per district or per judge. As of December 2021, Moving Defendants allege that over 8000 cases were pending in the Eastern District compared to nearly 3000 cases

pending in the Middle District, which favors transfer. ECF No. 15 at 11. Yet that statistic is misleading. There are far more active judges in the Eastern District than the Middle District (more than three times as many) so naturally the pending case numbers will be higher in a district with more judges. Plaintiffs point out that the caseload per judge in the Middle District is higher than the Eastern District. The Court finds the relative congestion of each district on a per judge basis slightly favors keeping the case in the Eastern District because the median time to disposition and trial, as well as the number of cases per judge is lower than in the Middle District. *See Dariz v. Republic Airline Inc*, 377 F. Supp. 3d 499, 505 (E.D. Pa. 2019); *Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 624 (E.D. Pa. 2018) (considering median time to disposition for civil cases, median time to trial, and number of pending cases per judge to conclude there was no basis for transfer).

Finally, Moving Defendants assert that the Middle District has a stronger local interest in deciding the dispute than the Eastern District. ECF No. 15 at 12 ("The burden of jury duty should not be placed on citizens with a remote connection to the lawsuit.") (citation omitted). Plaintiffs contend that local interest is based on the state's interest in adjudicating the dispute. ECF No. 18 at 7. The Court is inclined to agree with Plaintiffs. It is a stretch to claim that Pennsylvania citizens in a neighboring district are so remote and unconnected from a wrongful death suit occurring near their place of residence that it would be a burden for them to serve on a jury for this case. Especially since the incident site is a public travel center with locations all over the state, any Pennsylvania resident is likely to have an interest in the safety of a business its neighbors frequent. Since the districts neighbor each other within the same state, the local interest consideration is neutral in this case.

Though Moving Defendants assert throughout their Motion that the location of the incident site and witnesses should be considered as to both private and public factors, the Court "must be careful to not interpret this factor so as to 'double count' any considerations that we made in the context of other factors." *Scanlan v. Am. Airlines Grp., Inc.*, 366 F. Supp. 3d 673, 679 (E.D. Pa. 2019) (quoting *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 2009 WL 3055300, at *5 (W.D. Pa. Sept. 21, 2009)). Thus, those considerations, which have already been discussed as private interests, will not be re-assessed under public interests. *Id.*

Therefore, for the foregoing reasons, Moving Defendants have not demonstrated that the public interest considerations weigh in favor of transferring this case to the Middle District of Pennsylvania.

### IV.  CONCLUSION

In accordance with the above reasoning, Moving Defendants' Motion to Transfer Venue to the Middle District of Pennsylvania is denied.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**