IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARGARITO OMAR GARCIA**, *et al.*, | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| v. | : | |
| **ZERRIO WINTERS**, *et al.*, | : | |
| *Defendants.* | : | NO. 22-cv-0723 |

**MEMORANDUM**

**KENNEY, J.**                                                                                   **August 31, 2023**

Presently before the Court is Plaintiffs' Motion for Civil Contempt Sanctions Against Non-Party Ex-Officer Edward Sulima ("Sulima"). ECF No. 80. For the following reasons, the Court will grant Plaintiffs' Motion. An appropriate Order will follow.

**I.     BACKGROUND**

Sulima was the officer at the Pittston Township Police Department who responded to the scene of the incident at issue in this case. ECF No. 80 at 2. As the responding officer, Sulima wrote the Police Incident Report detailing what occurred and his investigation thereof. ECF No. 80 at 2. Therefore, on April 12, 2023, Plaintiffs sent a subpoena to the Pittston Township Police Department to schedule Sulima's deposition. *Id.* However, the process server was unable to serve the subpoena as he was informed that Sulima no longer worked for the Police Department. *Id.*

After multiple requests, on May 16, 2023, the Chief of Police of the Pittston Township Police Department provided Sulima's contact information, and Plaintiffs reached out to Sulima via phone and text on multiple occasions. *Id.* But Sulima still did not respond. *Id.* Thus, Plaintiffs hired a local private investigator who was able to serve Mr. Sulima an updated subpoena on May 22, 2023. *Id.*

1

Following service of this subpoena, Sulima provided a date and time when he could appear for a Zoom deposition, which counsel for both parties agreed to accommodate. *Id.* After the deposition was scheduled, Plaintiffs spoke with Sulima on multiple occasions, and Sulima verified that he was available for the agreed-upon date and time for his deposition, despite his extreme reluctance to attend. *Id.* In fact, on June 9, 2023—the date of Sulima's scheduled deposition—Plaintiffs spoke with Sulima on the telephone three times, including once less than one hour before the deposition was scheduled to take place. *Id.* at 3.

However, when the deposition was scheduled to begin, Sulima was not in attendance. *Id.* Accordingly, a Certificate of Non-Appearance was issued by the Court Reporter. *Id.* Plaintiffs then attempted to contact Sulima multiple times, but Sulima did not answer his phone, nor respond to text messages or voicemails. *Id.* Therefore, after consulting with Defendants, on June 23, 2023, Plaintiffs filed a Motion to Compel Sulima's Deposition. ECF No. 62.

On June 26, 2023, the Court granted Plaintiffs' Motion to Compel Sulima's Deposition. ECF No. 65. The Court's Order provided Sulima ten days from the date of service of the Order to coordinate with the Plaintiffs the taking of his deposition and noted that failure to comply with the Order would result in the issuance of a Rule to Show Cause as to why Sulima should not be held in contempt for failure to comply with a validly issued and served subpoena. *Id.* The next day, Plaintiffs sent a copy of the Order via Certified Mail to Sulima's home address and sent a copy of the Order to Caplan process servers, which they then served at Sulima's home address on July 1, 2023. ECF No. 80 at 3. Following service, Plaintiffs attempted to reach Plaintiff via phone with no success. *Id.*

Therefore, on August 21, 2023, Plaintiffs filed the present Motion for Civil Contempt Sanctions Against Non-Party Ex-Officer Edward Sulima. ECF No. 80. The Motion requests the

Court issue contempt sanctions against Sulima as follows: (a) $2,500 for reasonable expenses incurred in preparing, drafting, and filing the motions, as well as preparation for the depositions; (b) $145 for subpoena service at the Pittston Township Police Department; (c) $250 for a local private investigator; (d) $145 for subsequent non-service of subpoena by process servers; (e) $145 for subsequent service of this Court's Order by process servers; (f) $5 for the certified mail fee of this Court's Order; (g) $170 for the Certificate of Non-Appearance by the Court Reporter; and (h) $100/day fine from date served to present, and until Sulima purges his contempt by scheduling and appearing at a deposition. *Id.* at 3–4.

In response to Plaintiffs' Motion for Civil Contempt Sanctions against Sulima, this Court issued a Rule to Show Cause why the requested relief in Plaintiffs' Motion should not be granted. ECF No. 81. The Court further ordered a hearing to take place on August 30, 2023 at 9:00 a.m. and ordered Plaintiffs' counsel to personally serve copies of the Order on Sulima by U.S. Mail and Certified Mail Return Receipt Requested and then file proof of such service on the record by August 28, 2023. ECF No. 81. Plaintiffs followed the Court's Order and went multiple steps further to ensure Sulima had notice of the Rule to Show Cause hearing, by emailing a copy of the Court's Order, mailing it via United States Postal Service, mailing it via Certified Mail, mailing it via Fedex, and texting Sulima to inform him of the Court's Order and the various methods by which it had been sent to him. ECF No. 82.

The Court proceeded to have the Rule to Show Cause hearing on August 30, 2023 at 9:00 a.m. ECF No. 83. Sulima did not appear. At the hearing, Plaintiffs' counsel once again laid out the efforts Plaintiffs undertook to provide with Sulima notice.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 45(g) provides that the "court for the district where compliance [of a subpoena] is required . . . may hold in contempt a person who, having been

3

served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Before a court can make a finding of contempt, "due process . . . require[s] notice and a hearing . . . so that the parties have an opportunity to explain the conduct deemed deficient . . . and that a record will be available to facilitate appellate review." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1322 (3d Cir. 1995) (internal quotation marks and citation omitted). "To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Id.* at 1326. Moreover, the Court must determine "whether those who have failed to comply with a subpoena or a related Court Order have done so 'without adequate excuse.'" *High Tech Nat'l, LLC v. Stead*, No. 19-191, 2020 WL 3605286, at * 3 (E.D. Pa. July 2, 2020) (quoting Fed. R. Civ. P. 45(g)).

## III.   DISCUSSION

As this Court indicated at the Rule to Show Cause hearing, Plaintiffs have established that Sulima was properly served of the subpoena, the motion to compel his deposition, and the Court's Orders granting the motion to compel Sulima's deposition and setting a Rule to Show Cause hearing as to why contempt sanctions should not issue. There is no reason to believe that Sulima did not receive actual notice. Moreover, Sulima provided no excuse, much less an adequate one, for his failure to comply with the subpoena or the subsequent Court Orders.

"The Third Circuit has made clear that a district court has wide discretion in fashioning a civil contempt remedy." *Paddick v. Butt*, No. 13-374, 2018 WL 6830476, at *6 (E.D. Pa. Dec. 27, 2018) (citation omitted). "Sanctions for civil contempt are 'penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.'" *Stead*, 2020 WL 3605286, at * 3 (quoting *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994)). Civil contempt sanctions "may include fines, incarceration,

or a reimbursement of costs incurred while seeking to obtain compliance." *Id.* (citing *Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs.*, No. 07-1053, 2011 WL 1399081, at * 4–6 (W.D. Pa. Apr. 12, 2011)); *see also Paddick*, 2018 WL 6830476, at *1 ("If successful in a civil contempt proceeding, the complainant is entitled to costs of investigating violation of the court order [and] preparing for and conducting the contempt proceeding, and attorneys' fees." (citation omitted)). As to appropriate fines, many courts have imposed daily fines for each day after the individual in contempt failed to respond to a subpoena. *See Stead*, 2011 WL 1399081, at *4 (collecting cases).

Here, as indicated at the Rule to Show Cause hearing, the Court will impose the following contempt sanctions:

1. $2,500 for reasonable expenses incurred by Plaintiff in preparing, drafting, and filing the motions, as well as preparing for the deposition;
2. $145 for service of the subpoena at the Pittston Township Police Department;
3. $250 for local private investigator;
4. $145 for subsequent non-service of subpoena by process servers;
5. $145 for subsequent service of this Court's Order by process servers;
6. $5 for the certified mail fee of this Court's Order;
7. $170 for Certificate of Non-Appearance fee by Court Reporter; and
8. $100/day fine from the date of the Rule to Show Cause hearing, August 30, 2023, and until Sulima purges his contempt by scheduling and appearing at a deposition.

Additionally, given the fact that Sulima has been found in contempt, Sulima is disqualified from testifying as an expert witness in any civil case in a federal court within the Eastern District of Pennsylvania until he purges his contempt by scheduling and appearing at a deposition and he pays the monetary sanctions imposed. If Sulima does not purge his contempt, this disqualification

will continue after the conclusion of this case until such time that Sulima satisfies the monetary sanctions imposed upon him.

    An appropriate Order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**